UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RACHEL HANDLEY, | Case No.: 2:10-cv-01644-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#4; Motion for Temporary Restraining Order–#14) |
| BANK OF AMERICA, N.A.; REAL TIME RESOLUTION, INC.; and DOES, 1 through 50, | |
| Defendants. | |

Before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss (#4), filed September 30, 2010. The Court has also considered Defendant Real Time Resolution, Inc.'s Joinder (#7), filed October 4, 2010, Plaintiff Rachel Handley's Response (#9), filed October 14, 2010, and Bank of America's Reply (#13), filed October 29, 2010.

Also before the Court is Plaintiff Rachel Handley's **Motion for Temporary Restraining Order** (#14), filed November 2, 2010.

**BACKGROUND**

This dispute arises from Plaintiff Rachel Handley's home mortgage loan and her allegations that Defendants' are now attempting to improperly foreclose on the real property

1

AO 72
(Rev. 8/82)

1  located at 5024 North Lisa Lane in Las Vegas, Nevada.  On September 1, 2010, Ely J. Ades filed
2  this action on Plaintiff's behalf in the Eighth Judicial District Court of the State of Nevada.  (Dkt.
3  #1, Pet. for Removal Ex. A, Compl.)  Ades is currently acting as Plaintiff's attorney-in-fact
4  pursuant to a power of attorney form, which Plaintiff signed in June 2010.  (*Id.*, Compl. Ex. A.)
5  On September 23, 2010, Defendant Bank of America removed the case to this Court based on the
6  parties' diversity of citizenship.  Defendant Real Time Resolution subsequently filed its consent
7  and joinder to removal.  (Dkt. #7, Joinder, Oct. 4, 2010.)

8         Defendants ask the Court to dismiss Plaintiff's complaint under Rule 12(b)(6) of
9  the Federal Rules of Civil Procedure.  Plaintiff asks the Court to issue emergency injunctive relief
10  to prevent Defendants from foreclosing upon or selling her home.  For the reasons discussed
11  below, the Court grants Defendants' motion and denies Plaintiff's motion.

**DISCUSSION**

**I.    Unauthorized Practice of Law**

14         In a Nevada court of law, only a licensed attorney—an active member of the State
15  Bar of Nevada admitted to practice under the Nevada Supreme Court Rules ("SCR")— is duly
16  authorized to represent a client.  *Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000) (citing NRS
17  7.285); *Martinez v. Eighth Jud. Dist. Ct.*, 729 P.2d 487, 488 (Nev. 1986) (citing SCR 77; NRS
18  7.285); *see also* SCR 42–72.  An individual engages in the unauthorized practice of law when he
19  engages in activities customarily performed by licensed attorneys.  *In re Discipline of Lerner*, 197
20  P.3d 1067, 1071 (Nev. 2008).  Examples of such activities include evaluating legal claims, filing
21  documents, and appearing in court on behalf of someone else.  *Id*.  In addition, a person who
22  engages in the unauthorized practice of law may face criminal charges.  *Guerin*, 993 P.2d at 258.

23         Although an individual is entitled to represent himself or herself in the district
24  court, no rule or statute permits a non-attorney to represent any other person, a company, a trust, or
25  any other entity in Nevada courts.  *Salman v. Newell*, 885 P.2d 607, 608 (Nev. 1994) (citing SCR
26  44).  Therefore, an individual "has no right to be represented by an agent other than counsel in a

1  court of law." *Martinez*, 729 P.2d at 488 (citing SCR 77; NRS 7.285).  The overarching reason for

2  requiring that only lawyers engage in the practice of law is to "ensure that the public is served by

3  those who have demonstrated training and competence and who are subject to regulation and

4  discipline." *In re Discipline of Lerner*, 197 P.3d at 1072 (citing multiple cases from other

5  jurisdictions that similarly emphasize Nevada's high standards of training and ethics for lawyers);

6  *see also Pioneer Title v. State Bar*, 326 P.2d 408, 410 (Nev. 1958).

7  The Court must dismiss Plaintiff's action because Nevada law clearly prohibits

8  Ades, a non-attorney, from representing her in this action.  Plaintiff cannot delegate her right to

9  represent herself under SCR44 to another person who is not a licenced attorney—even though she

10 granted Ades a power of attorney.  The power of attorney defined in NRS Chapter 162A does not

11 circumvent NRS 7.285's prohibition on the unauthorized practice of law.  Ades may be able to

12 secure proper legal representation for Plaintiff pursuant to Plaintiff's power of attorney.  *See* NRS

13 162A.470.  However, Nevada law prevents Ades from representing Plaintiff as a so called

14 attorney-in-fact.  The Court therefore grants Defendants' motion to dismiss.  As a result, the Court

15 must also deny Plaintiff's motion for temporary restraining order as moot.

16 **CONCLUSION**

17 Accordingly, and for good cause appearing,

18 IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#4) is

19 GRANTED.  Plaintiff's claims are dismissed without prejudice.

20 IT IS FURTHER ORDERED that Plaintiff's Motion for Temporary Restraining

21 Order (#14) is DENIED as moot.

22 Dated: November 4, 2010.

23

24 _____

25 ROGER L. HUNT
   Chief United States District Judge

26